IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENNETH W. WILLIAMS,

    **Plaintiff,**

    v.

CORECIVIC, INC., et al.,

    **Defendants.**

Case No. 17-CV-2310-JAR-GLR

## MEMORANDUM AND ORDER

This matter is before the Court upon a motion, entitled Defendants' Memorandum of Law in Support of Defendants' Motion to Compel Discovery (ECF 42). Defendants ask the Court to overrule objections and order Plaintiff to supplement his responses to their discovery requests and to his Rule 26 disclosures. Plaintiff has filed a response in opposition (ECF 44), to which Defendants have replied (ECF 47). For the reasons set forth below, the Court grants the motion in part and denies it in part.

### I. Relevant Background

Plaintiff filed this action, alleging Defendants discriminated against him while he was employed by CoreCivic of Tennessee, LLC.[1] On December 20, 2017, Defendants filed a motion to compel Plaintiff's Rule 26 disclosures.[2] Defendants alleged these disclosures had several deficiencies, including lack of specificity in his document categories, and failures to provide either a computation of damages or documents relating to damages.[3] Defendants say they notified Plaintiff of these perceived deficiencies, but he failed to supplement or confer in good

---

[1] ECF 1 at 3.

[2] ECF 26.

[3] *Id.* at 1.

faith about these concerns.[4] Plaintiff responded that he had acted in good faith and that any deficiencies were the result of his forced relocation after Defendants terminated his employment.[5]

The Court held a hearing on January 9, 2018.[6] After considering Defendants' motion and hearing argument from the parties, the Court granted the motion and ordered Plaintiff to serve upon Defendants initial disclosures that fully complied with Fed. R. Civ. P. 26(a)(1)(A) within 14 days. Plaintiff submitted his supplemental Rule 26 disclosures on January 22, 2018.[7]

After receiving an extension of time, Defendants filed the pending motion to compel Plaintiff to provide supplemental Rule 26 disclosures and respond to Defendants' First Set of Interrogatories and Requests for Production. Defendants say they have satisfied their preliminary obligations, as required by D. Kan. Rule 37.2.[8] They attached several emails between counsel, which also show that counsel discussed Plaintiff's responses and Defendants' suggested deficiencies by telephone.[9] The Court therefore finds the parties properly conferred.

**Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. It states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its

---

[4] *Id.* at 2.

[5] ECF 27 at 2.

[6] ECF 29.

[7] ECF 32.

[8] ECF 42 at 2.

[9] ECF 42-1.

>likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Considerations of both relevance and proportionality now govern the scope of discovery.[10] Relevant information is "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[11] The 2015 amendment to Fed. R. Civ. P. 26(b)(1) deleted the requirement that information must be "reasonably calculated to lead to the discovery of admissible evidence," because it was often misused to define the scope of discovery and had the potential to "swallow any other limitation."[12]

"When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."[13]

When the discovery sought is "overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request."[14] A request is overly broad on its face "if it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope."[15] The Court considers the overall wording of a request in determining whether it is overly broad.[16]

---

[10] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[11] *Rowan v. Sunflower Elec. Power Corp.*, No. 15-cv-9227-JWL-TJJ, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

[12] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[13] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[14] *Id.*

[15] *Stonebarger v. Union Pac. R.R. Co.*, No. 13-2137-JAR-TJJ, 2015 WL 64980, at *4 (D. Kan. Jan. 5, 2015) (quoting *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 658–59 (D. Kan. 2006) (internal citations omitted)).

[16] *Robinson v. City of Arkansas City, Kan.*, No. 10-1431-JAR-GLR, 2012 WL 603576, at *8 (D. Kan. Feb. 24, 2012) (citing *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665–66 (D. Kan. 1999)).

To succeed on a "vague and ambiguous" objection, the objecting party "must show that more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases utilized."[17]

## II. Analysis

Defendants first argue Plaintiff makes general, conditional, and form objections to their discovery requests. They ask the Court to find these objections waived. They also ask the Court to compel further responses to their interrogatories and requests for production and to Plaintiff's supplemental Rule 26 disclosures.

Plaintiff does not address many of Defendants' arguments in his response. He more simply says he has complied with the Order of January 9, 2018 and the Federal Rules of Civil Procedure, without any examples to support his statement. He says he has not withheld any documents or information "but simply asserted objections to certain discovery request (sic) to preserve them for trial."[18] He also says he "even asked Defendants' counsel what they would propose is an adequate response that does not waive any objections on behalf of Plaintiff", yet received no response.[19]

### A. General objections

Plaintiff included a "general objections" section in his responses to both the interrogatories and the requests for production of documents.[20] Plaintiff then included objections to each of Defendants' discovery requests, but also provided an answer "subject to and without

---

[17] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate 2003*, No. 09-cv-2516-JAR, 2011 WL 765882, at *2 (D. Kan. Feb. 25, 2011) (quoting *Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 696 (D. Kan. 2007)).

[18] ECF 44 at 2.

[19] *Id.*

[20] *See* ECF 42-3 at 4; ECF 42-4 at 4.

waiving the objection" to all but one interrogatory (No. 15), and all but one request for production (No. 26). Defendants do not ask the Court to compel supplemental responses to Interrogatory No. 15 or Request for Production No. 26.

For his "general objections" to the interrogatories, Plaintiff states he "objects to interrogatories seeking information protected by the attorney-client privilege, the work product doctrine, or other applicable privilege or immunity."[21] He also objects to the use of terms "such as 'each,' 'any,' and 'all' because they are facially overbroad."[22] Plaintiff then states he "incorporates these General Objections into each answer that follows."[23] However, Plaintiff does not object to any particular interrogatory as facially overbroad. Finding none of the interrogatories to be facially overbroad, the Court rejects Plaintiff's objections that they are "vague and unsupported"[24]

For his "general objections" to Defendants' requests for production of documents, Plaintiff states he objects to each request "insofar as" it calls for documents that are not in his control, that were prepared for or in anticipation of litigation, that constitute work product or contain attorney-client communications or another privilege, that are publicly available, that "do not specifically refer to the events which are the subject matter of this litigation," and that are not relevant "nor reasonably calculated to lead to the discovery of admissible evidence."[25]

---

[21] ECF 42-3 at 4.

[22] *Id.*

[23] *Id.*

[24] *Sprint Comm. Co., L.P. v. Comcast Cable Comm., LLC*, Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 1794552, at *3 (D. Kan. May 6, 2014).

[25] ECF 42-4 at 4–5.

In the District of Kansas, "general objections are considered 'overly broad and worthless unless the objections are substantiated with detailed explanations.'"[26] Our Court has consistently held that "a general objection that objects to a discovery request 'to the extent' that it asks the responding party to provide documents or information protected by the attorney-client privilege or work product immunity is tantamount to asserting no objection at all."[27]

Plaintiff objects "insofar as" and/or "to the extent that" each request for production at issue is either overly broad, unduly burdensome, vague, ambiguous, not relevant, or subject to some kind of privilege. Plaintiff has made no meaningful effort to show how any of these general objections apply to any specific request. Thus, these objections are "mere hypothetical or contingent possibilities."[28]

Plaintiff further uses boilerplate language such as the interrogatory "is over broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence."[29] Yet Plaintiff fails to explain how any interrogatory is overbroad, unduly burdensome, or irrelevant. He also protests that a word or phrase is vague and ambiguous, but does not explain how he finds them vague or ambiguous or why the word or phrase requires a definition other than what common sense would dictate.

As the objecting party, Plaintiff has failed to argue or show that any interrogatories or requests for production are irrelevant, overbroad, unduly burdensome, vague, or ambiguous on their face. Therefore, he has the burden to establish how each interrogatory and request is

---

[26] *Bettis v. Hall*, No. 10-2457-JAR, 2015 WL 1268014, at *2 (D. Kan. Mar. 19, 2015) (quoting *Terracon Consultants Inc. v. Drash*, No. 12–2345-EFM, 2013 WL 1633572, at *2 (D. Kan. Apr. 16, 2013)).

[27] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 667 (D. Kan. 2004).

[28] *Id.* (internal quotations omitted).

[29] Plaintiff objects to every interrogatory except No. 12 as overbroad, unduly burdensome, and/or irrelevant.

inadequate. He has not met that burden.  His boilerplate, general objections are improper. The Court deems these objections waived and overrules them.

### B. Conditional objections

In all of his responses to the interrogatories and requests for production of documents at issue, Plaintiff includes a conditional objection before his answer. "Conditional objections occur when 'a party asserts objections, but then provides a response 'subject to' or 'without waiving' the stated objections.'"[30]

As with general objections, it is well settled in this district that "conditional answers are invalid and unsustainable."[31] As discussed by Judge O'Hara, the practice of responding to discovery requests with conditional objections "is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure."[32] When a party responds that it is producing documents "'subject to and without waiving its objections,' the requesting opponent 'is left guessing as to whether [the producing party] has produced all documents, or only produced some documents and withheld others on the basis of privilege.'"[33] Objections may not thus be reserved; "they are either raised or they are waived."[34] This Court and others have held "whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands."[35] Accordingly, the Court deems these objections waived and overrules them.

---

[30] *U, Inc. v. ShipMate, Inc.*, No. 14-2287-JTM-TJJ, 2015 WL 3822731, at *3 (D. Kan. June 19, 2015).

[31] *Sprint Comm. Co., L.P. v. Comcast Cable Comm., LLC*, Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 545544, at *2 (D. Kan. Feb. 11, 2014).

[32] *Id.*

[33] *Id.* (quoting *Pro Fit Mgmt., Inc. v. Lady of Am. Franchise Corp.*, No. 08–2662, 2011 WL 939226, at *7–9 (D. Kan. Feb. 25, 2011)).

[34] *Id.* at *3 (internal citations omitted).

[35] *Id.* (internal quotations and citations omitted).

### C. Incomplete responses

Defendants argue the responses are incomplete and that Plaintiff should be compelled to provide complete answers. The Court agrees that many of his answers are incomplete. It considers each interrogatory and request for production. Each of Plaintiff's answers follows his general and conditional objections. As previously discussed, the Court overrules them and deems the objections waived. The Court considers whether the answers that accompany these objections are responsive.

#### i. Interrogatories

Interrogatories 1 and 2 ask Plaintiff to identify all persons, and their addresses and telephone numbers, with whom Plaintiff has discussed his injuries that are described in the complaint, or his termination and alleged retaliation and discrimination of Defendants, or whom Plaintiff knows or believes has information related to his claims. Plaintiff lists several names and phone numbers, but only the city and state for each person. Defendants' motion to compel as to these interrogatories is granted. If Plaintiff does not know the person's address or phone number, he should so state. Otherwise, Plaintiff shall supplement these responses to fully answer the interrogatories.

Interrogatory No. 3 asks Plaintiff to identify the category into which each item of damages falls (i.e. general, special or consequential, etc.). Plaintiff states he is unable to accurately ascertain the amount of actual damages and reserves the right to supplement at later date. This answer is not responsive. Plaintiff provides no explanation for his alleged inability to ascertain his damages. The motion to compel is granted. Plaintiff shall supplement this response to fully answer the interrogatory.

Interrogatory Nos. 4 and 5 ask Plaintiff to identify any person other than counsel who has provided a written statement or opinion related to Plaintiff's allegations or who has discriminated against Plaintiff. He does respond, including names and descriptions of each person's statements, but he does not include dates. He includes a month and year, and if that is all he knows or can remember, he should so state. Otherwise, Plaintiff shall supplement this response to fully answer the interrogatories. Defendants' motion to compel as to these interrogatories is granted.

Interrogatories 6 and 7 ask Plaintiff to identify each complaint, concern, or grievance filed with Defendants. He responds that he does not have such information and believes it is in Defendants' email server. Plaintiff mentions at least three such incidents in his amended complaint.[36] Defendants' motion to compel as to these interrogatories is granted. Plaintiff shall supplement this response to fully answer the interrogatory.

Interrogatory No. 8 asks Plaintiff for his income from 2012 to present. He answers that he received unemployment benefits in 2017. but that he would supplement his response upon the finalization of his tax filing and income verification.  He provides no further information as to when "the finalization of his tax filing and income verification" would occur.  The Court will assume he now has the responsive information. Defendants' motion to compel with regard to this interrogatory is granted. Plaintiff shall supplement this response to fully answer the interrogatory.

Interrogatory No. 9 asks Plaintiff to list all employers with whom he was employed, including his job title and salary.  Plaintiff simply says he was "self employed."  Defendants' motion to compel as to this interrogatory is granted. Plaintiff shall supplement this response to

---

[36] ECF 51 at ¶46, ¶54, and ¶71.

fully answer the interrogatory. If he was not employed with any other employers, he should state that to be the fact. And he should also state what was his self-employed job title and his salary.

Interrogatory No. 10 asks Plaintiff to identify each prospective employer to which he applied during or after his employment with Defendants and the outcome of the applications. Plaintiff lists three prospective employers. But he provides no dates and fails to state the outcomes of the applications. The motion to compel as to this interrogatory is granted. Plaintiff shall supplement this response to fully answer the interrogatory.

Interrogatory No. 11 asks who besides Plaintiff's attorney assisted in the preparation of his responses. Plaintiff states "no one." This is a full and complete response to the interrogatory, and Defendants' motion to compel further response as to this interrogatory is denied.

Interrogatory No. 12 asks Plaintiff to identify all legal proceedings he has been involved in by case number and caption, including his role in each case and the outcome. Plaintiff lists several cases but no captions and only one case number. He does not state his role in any of them. Defendants' motion to compel as to this interrogatory is granted. Plaintiff shall supplement this response to fully answer the interrogatory.

Interrogatories Nos. 13 and 14 ask whether Plaintiff has ever complained of race or age discrimination or retaliation to an employer excluding Defendants. Plaintiff states "no." This is a full and complete response to the interrogatory, and Defendants' motion to compel further response as to these interrogatories is denied.

Interrogatory No. 16 asks for Plaintiff's email addresses, phone numbers, and social media sites that he used or accessed from January 1, 2015 to present. Plaintiff includes two email addresses and three phone numbers, but nothing regarding social media. The interrogatory specifically requests Plaintiff "provide the link to your home page." If Plaintiff does not have any

social media website profiles (e.g. a Facebook account), he should so state. Otherwise, he shall supplement his answer to include his social media websites. Defendants' motion to compel as to this interrogatory is granted.

Interrogatory Nos. 17 and 18 ask Plaintiff to provide information regarding his medical providers. Plaintiff states he "cannot identify treating physicians" because he does not have medical insurance. "Generally, discovery requests seeking an employment discrimination plaintiff's medical and psychological records are held to be relevant as to both causation and the extent of plaintiff's alleged injuries and damages if plaintiff claims damages for emotional pain, suffering, and mental anguish."[37] Defendants' motion to compel as to these interrogatories is granted. Plaintiff shall supplement these responses with the information requested, and if he has not sought medical care, then he should explain the basis for his claim of mental and emotional distress.

Interrogatory No. 19 asks Plaintiff to list all current and former employees of Defendants with whom he has spoken outside of the grievance process or performance review since February 8, 2017. Plaintiff lists four people. This is a full and complete response to the interrogatory, and Defendants' motion to compel further response as to this interrogatory is denied.

Interrogatory No. 20 asks Plaintiff to identify every employee of Defendants with whom he rode to or from work, along with dates. Plaintiff provides names (though some names are incomplete), and no dates. Defendants' motion to compel as to this interrogatory is granted. Plaintiff shall supplement this response to fully answer the interrogatory.

---

[37] *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 657, 659 (D. Kan. 2004).

### ii. Requests for Production

For each request for production at issue, Plaintiff responds simply, "Plaintiff will produce relevant, non-privileged documents that are responsive to this request on a rolling basis as they become available." This is not an adequate response. Defendants rightly note that Plaintiff has a duty to supplement his discovery responses as he discovers additional documents and information under Fed. R. Civ. P. 26(e)(1)(A). He also has a duty to produce documents that are in his possession, custody, or control, as required by Fed. R. Civ. P. 34. The Court "cannot compel a party to produce documents that do not exist or that are not in that party's possession, custody, or control."[38] Plaintiff has provided no adequate information, however, for the Court or Defendants to determine whether any responsive documents are in his possession, custody, or control. Instead, he states only that he "has not withheld any documents or information from Defendants but simply asserted objections to certain discovery request (sic) to preserve them for trial."[39]

Plaintiff is therefore required to serve supplemental written answers to Defendants' requests for production, identifying all documents that he has produced in response and providing specific Bates ranges, pursuant to Fed. R. Civ. P. 34. If any of the requests ask for a document not in his possession, custody, or control, Plaintiff shall supplement his answer to so state.

### D. Rule 26 disclosures

Defendants ask the Court to compel Plaintiff to supplement his Rule 26 disclosures. Specifically, they take issue with his damages section. He states he seeks compensatory damages

---

[38] *Sprint Comm. Co., L.P. v. Vonage Holdings Corp.*, 05-2433-JWL-DJW, 2007 WL 1408399, at *1 (D. Kan. May 9, 2007) (citations omitted).

[39] ECF 44 at 2 (emphasis omitted).

in the amount of $50,000, based upon his belief that his annual income was approximately $65,000 and he was terminated approximately $16,000 into the year 2017.[40] He also seeks $500,000 in punitive damages. Finally, he seeks "equitable damages for lost benefits" and "other damages allowable by law . . . for embarrassment, humiliation, emotional distress, in an exact amount which is unknown at this time."[41]

Rule 26(a)(1)(A)(iii) requires a party to disclose, without awaiting a discovery request, "a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based . . . ." Defendants' motion to compel as to Plaintiff's Rule 26 disclosures is granted. Plaintiff shall supplement his Rule 26 disclosures to include an actual computation of any and all categories of damages claimed.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Memorandum of Law in Support of Defendants' Motion to Compel Discovery (ECF 42) is **granted in part and denied in part** as set forth herein. **Within twenty (20) days of the date of this order**, Plaintiff shall serve on Defendants his supplemental answers to Interrogatory Nos. 1 through 10, 12, 16, 17, 18, and 20; and Requests for Production Nos. 1 through 25 and 27 through 48, including providing specific Bates ranges for each corresponding request for production. If the document requested is not in Plaintiff's possession, custody, or control, Plaintiff shall so state. **Within twenty (20) days of the date of this order**, Plaintiff shall also supplement his initial disclosures

---

[40] ECF 42-5 at 6.

[41] *Id.*

to fully comply with his Rule 26 obligations.

Dated June 21, 2018, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge